## MANACHINO v FRIEDLANDER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16438.   Decided Jan 24, 1938

R. A. Good, Esq., Cleveland, Counsel for Plaintiff-Appellee.

Albert Mendelsohn, Esq., Cleveland, Counsel for Defendant-Appellant.

## OPINION

By LIEGHLEY, J.

By reason of the discussion which en-

sued during the argument of this cause, it is deemed advisable to note the reasons for our conclusions.

Briefly, in October, 1932, the plaintiffs owned a property in Shaker Heights, the upstairs suite of which was under lease to one Sam Friedman, which lease terminated June 23, 1933. On September 13, 1932, defendant in writing advised plaintiffs that he was about to enter into a sub-lease with Friedman for said premises and expressed a desire to plaintiffs to lease the same premises for two years beginning July 1, 1933, at a monthly rental of $75.00 per month. This offer was thereafter duly accepted by plaintiffs.

The defendant thereupon entered into possession and the stipulated rental was duly paid until June 1st, 1933, so far as concerns this case. The defendant refused to pay plaintiffs the rental for June, 1933.

The defendant vacated said premises about May 15. 1933, under the claim that he was forcibly evicted by reason of some alleged blackhand trouble then existing between plaintiffs and others, which rendered the premises untenantable, and unsafe for future occupation by him.

Plaintiffs, in the latter part of June, 1933, duly tendered to defendant a lease for the premises in conformity with the aforesaid agreement to make a lease, which was refused.

Thereafter, plaintiffs brought an action before a Justice of the Peace for the rental for June, 1933, under the sub-letting, and for July, 1933, based on the agreement to make a lease. Judgment was rendered for plaintiff as claimed in the Justice Court; appeal was taken to the common pleas court wherein a petition was filed by plaintiff, and an answer and cross-petition by defendant.

Plaintiffs in this petition set forth two causes of action, and in the first cause of action a judgment for $75.00 is sought for failure to pay the June, 1933, rental under the original sub-letting by Friedman to defendant. The second cause of action seeks a judgment for rent for $75.00 under the agreement to make a lease for July, 1933, —the first month of the new term.

The answer, although containing a general denial, avers as the sole defense a constructive forcible eviction during the month of May, 1933. There is no denial of the relation of landlord and tenant. There is no denial of the existence of a legal, valid lease between plaintiffs and defendant for the two-year term beginning July 1, 1933. On the contrary, on the theory that defendant is and was the lessee, a cross-petition was filed by him seeking damages flowing from the unlawful eviction for hotel bill of $54.00 which defendant says he was obliged to incur by reason of said eviction and further damages of about $70.00 for moving furniture. Note that this cross-petition was urged against plaintiffs in this action for an eviction in May by these plaintiffs, not against his sub-lessor.

The record in this case was offered in evidence and forms a part of the record in the case at bar. In the brief filed by defendant in the former case, the defendant designates himself as the lessee on page one thereof, and recites on page two, that:

"The sole question arises as to whether or not there was a constructive eviction of the lessee by the lessors."

If defendant did not then regard himself as lessee of these plaintiffs arising out of their prior dealings and agreements, why should he so designate plaintiffs and himself as lessors and lessee in the former litigation and defend that action upon that evident assumption. If he then thought otherwise, his defense to the second cause of action would obviously have been a denial that he was bound as a tenant for rental for July. If nothing existed between these parties but a contract to make a lease, then defendant was the tenant of Friedman in May and June, if anyone..

Upon examination of the former record, it new clearly appears why this court affirmed that judgment.

Some months later this action was begun after demand and notice, to recover the rents for the month of August and September, 1933, and $15.00 per month for the balance of the term of said lease, being the difference between the rental stipulated therein and the amount agreed to be paid by a tenant for the unexpired term procured by plaintiffs, to-wit, $15.00 per month. Trial was had below, resulting in a judgment of about $500.00, and appeal on questions of law was perfected to this court to obtain a reversal thereof.

It is now contended that as a matter of law the defendant is not liable in any sum to plaintiff for the reason that there existed only an agreement to make a lease without possession having been taken by defendant. The law claimed by defendant is not in dispute in that for a breach of an agreement to make a lease, the remedy is

an action in damages, or an action in specific performance.

To entitle the plaintiff to recover for rents on an agreement to make a lease, such agreement must be accompanied by actual possession. However, in this case, it is claimed that there was a tri-party agreement between plaintiffs, Friedman, and defendant, entered into in September, 1932, by the terms of which defendant offered to make a lease for a two-year term from July 1, 1933:—All three parties to extend the then-existing lease to July 1, 1933, and be liable thereunder and plaintiff gave written consent to Friedman to sub-let the premises to defendant. The defendant denies that that agreement amounts to such constructive possession as to support a liability for rent, coupled with an agreement to make a lease. No such defense or contention was made to the second cause of action in the former case and no obstacle to its assertion existed.

However much we may doubt the legality of the claim of plaintiff under the lease in the former suit, the relation of landlord and tenant was not in dispute. There was no defense made that the defendant was not the tenant of plaintiff in that action. In that action the plaintiff grounded his second cause of action on the existence of a legal lease for July, 1933 and thereafter, and sued for rent for July, and the only defense offered by the defendant was illegal eviction. If the defendant had any defense other than that, it was his duty to assert it in that action. Not having done so, it would seem to be settled that he cannot, in this action, deny that he was a tenant of plaintiff or deny that he had right of possession for the term beginning July 1, 1933, by virtue of their understanding and agreement continuously from the time he took possession. If not, why assert that plaintiffs, lessors, constructively evicted him, lessee, in May, 1933.

If claim is made that these defenses were properly embodied and presented under the plea of general denial in the former action, the complete answer is that the evidence offered in respect thereto was resolved in favor of plaintiffs and there is a finality to such matters adjudicated.

**Strangward v Bedstead Co. 82 Oh St 121, Syl. 2:**

"When a matter has been finally determined in an action between the same parties by a competent tribunal, the judgment is conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case."

It seems to be settled law in this state that where material facts have been established in a prior law suit relating to the same subject matter between the same parties that there is a finality thereto, and it would seem that we are bound by the findings of fact of the prior action between these parties and being bound thereby there is only one judgment that this court can render in this action and that is to affirm the judgment.

Judgment affirmed. Exceptions may be noted.

LEVINE, PJ, TERRELL, J, concur in judgment.